## DE CAMP v. BRYSON.

### No. 19,493; March 20, 1895.

#### 39 Pac. 861.

**Appeal.—Where the Evidence is Conflicting on All** the material issues, an order granting a new trial by a judge who did not preside at the trial will not be disturbed, unless there is a clear abuse of discretion.

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Action by Charles W. Bryson against C. E. De Camp. There was a judgment for plaintiff, and from an order denying a new trial defendant appeals. Affirmed.

Jay E. Hunter for appellant; J. T. Rearden and L. H. Valentine for respondent.

SEARLS, C.—This is an action to recover $800 and interest paid by the assignor of plaintiff to the defendant upon a contract for the purchase of real estate from said defendant by plaintiff's assignor, and which contract was alleged to have been rescinded by said assignor by reason of a breach thereof by defendant. Plaintiff had judgment for $871 and costs. Defendant moved for a new trial, which was granted. The appeal is by plaintiff from the order granting the new trial.

The cause was tried before Hon. W. P. Wade, judge of department 3 of the superior court in and for the county of Los Angeles, without a jury; written findings filed in favor of plaintiff upon which judgment was entered. Hon. W. P. Wade died before the motion for a new trial was perfected, and the statement on such motion was settled and the motion granted by Hon. J. W. McKinley, judge of department 6 of the same court. The motion was based largely upon the insufficiency of the evidence to support the findings. The specifications of insufficiency are quite full and explicit. The errors of law complained of did not warrant the interposition of the court, and it is urged by appellant that as the court granting the motion did not hear the testimony at the trial, or have the witnesses before it, it was in no better position to judge as to the propriety of granting the motion than this court, and hence that on this appeal the question should be passed upon precisely as though the motion for a new trial were submitted here. The evidence involved a substantial conflict upon nearly every important issue in the case, and we are unable to say, upon a review of the whole case, that the court below erred in granting the motion. The case was a close one, upon the facts, and we confess some doubt as to the propriety of the action of the court below; but, in the very nature of things, something must be conceded to the discretionary powers vested in courts of original jurisdiction. This consideration suffices to resolve our doubt in favor of the action of such court. The order appealed from should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.